UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PRIME PROPERTY & CASUALTY INSURANCE, INC.,** *Plaintiff,* v. **MR. G&G TRUCKING, LLC, et al.,** *Defendants.* | Civil Action No. 21-1362 ORDER |

**THIS MATTER** comes before the Court by way of Plaintiff Prime Property & Casualty Insurance, Inc.'s ("Plaintiff") unopposed Motion for the Entry of Default Judgment,[1] ECF No. 35, against Defendants Mr. G&G Trucking, LLC ("Mr. G&G"), Guido F. Rivadeneira ("Rivadeneira"), and Liosbany Rafael Alcolea Aguilera ("Aguilera") (collectively, "Defendants");

and it appearing that this action arises from Plaintiff's request for a judicial declaration that Plaintiff is not obligated to defend or indemnify Defendants in a lawsuit arising from an automobile accident ("the Underlying Lawsuit"), see Compl. ¶¶ 2, 4, ECF No. 1;

and it appearing that on October 26, 2017, Plaintiff issued a Commercial Auto Insurance Policy (the "Policy") to Mr. G&G, which restricted coverage to only authorized drivers scheduled on the Policy, id. ¶¶ 3, 16 & Ex. A;

and it appearing that Rivadeneira, an employee of Mr. G&G, allowed Aguilar to drive a tractor-trailer for the company, and on June 21, 2018, Aguilar was involved in an automobile accident, id. ¶ 2;

---

[1] When a court is deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by [the] defendant." DIRECTV, Inc. v. Pepe, 431 F.3d 162, 165 (3d Cir. 2005).

1

and it appearing that Aguilera and Rivadeneira are not scheduled drivers under the Policy, id. ¶¶ 30-31;

and it appearing that on September 28, 2020, the plaintiffs in the Underlying Lawsuit filed a complaint against Mr. G&G, Rivadeneira, and Aguilera in the Western District of Wisconsin to recover for personal injuries arising out the automobile accident, id. ¶ 4 & Ex. B;

and it appearing that the Policy provides that Plaintiff has no duty to provide coverage unless there has been full compliance with certain duties, including cooperating with Plaintiff in any investigations of claims, see Compl. ¶ 22 & Ex. A;

and it appearing that the Complaint alleges that Defendants failed to cooperate with Plaintiff in the investigation, settlement, and defense in the Underlying Lawsuit, id. ¶¶ 34-36;

and it appearing that the Policy provides that "[t]he insured agrees to reimburse [Plaintiff] for any payment made by [Plaintiff] on account of any accident, claim or suit involving a breach of the terms of the policy," id. ¶ 26 & Ex. A;

and it appearing that on January 29, 2021, Plaintiff filed a single-count Complaint against Defendants for judicial declarations that (1) Plaintiff is not obligated under the Policy to defend or indemnify Defendants in the Underlying Lawsuit; and (2) Mr. G&G is obligated to reimburse Plaintiff for any payment made by Plaintiff related to the Underlying Lawsuit,[2] see generally Compl.;

and it appearing that Defendants have failed to answer or otherwise respond to the Complaint as of the date of this Order;

---

[2] While Plaintiff's Motion asks the Court to award $170,000 in damages, representing the amounts Plaintiff expended in defense of the Underlying Lawsuit, Plaintiff did not request such relief in the Complaint. See Compl. at 9-10 (prayer for relief). In any amended pleading, Plaintiff must explicitly request monetary damages.

and it appearing that on May 10, 2022, the Clerk of Court entered default against Defendants, ECF No. 43;

and it appearing that on December 14, 2021, Plaintiff filed the instant Motion for Default Judgment against Defendants, ECF No. 35;

and it appearing that a default judgment may be entered only against a properly-served defendant, see E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that the docket reflects proper service upon Defendants, ECF Nos. 5, 6, 11;

and it appearing that the Court must determine whether it has jurisdiction over the action and the parties before entering a default judgment, see Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008);

and it appearing that the Court has diversity jurisdiction over Plaintiff's claim because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states, see 28 U.S.C. § 1332(a);[3]

and it appearing that the Court has personal jurisdiction over Defendants, as Mr. G&G is a New Jersey limited liability company and Rivadeneira and Aguilera were served with process in New Jersey, see id. ¶ 11; Griggs v. Swift Transp. Co., No. 17-13480, 2018 WL 3966304 at *7 (D.N.J. Aug. 16, 2018) ("For a corporation or limited liability company, the 'paradigm' for general jurisdiction is its place of incorporation or registration and its principal place of business."); see

---

[3] For purposes of diversity jurisdiction, a corporation is deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, see 28 U.S.C. § 1332(c)(1). Here, the amount in controversy is $170,000, see Pl. Mem. at 5, and Plaintiff is a Utah corporation with its principal place of business in Utah, Mr. G&G is a New Jersey limited liability company, with both of its members residing in New Jersey, and Rivadeneira and Aguilera are residents of New Jersey, see Compl. ¶¶ 9, 11-13;

also Goodyear Dunlop Tires Ops., S.A. v. Brown, 564 U.S. 915, 924 (2011); Fed. R. Civ. P. 4(e); N.J. Ct. R. 4:4-4(a);

and it appearing that venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1);

and it appearing that before entering a default judgment, a court must also determine whether the plaintiff's complaint sufficiently states a cause of action, Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536, 538 (D.N.J. 2008);[4]

and it appearing that the Declaratory Judgment Act permits a Court to issue a declaratory judgment in a "case of actual controversy within its jurisdiction," 28 U.S.C. § 2201(a);

and it appearing that the Complaint presents an actual controversy as to whether Plaintiff was obligated to defend or indemnify Mr. G&G in connection with the Underlying Lawsuit, see, e.g., ACandS, Inc. v. Aetna Cas. & Sur. Co., 666 F.2d 819, 822-23 (3d Cir. 1981) (holding that a declaratory suit to determine the scope of insurance coverage brought independently of underlying claims was justiciable);

and it appearing that where the terms of an insurance policy are "clear and unambiguous," the Court must enforce the terms of the policy as written, Certain Underwriters at Lloyds v. Premier Guidance LLC, No. 17-5676, 2018 WL 27838, at *3 (D.N.J. Jan. 2, 2018);

and it appearing that the Policy provides that "[c]overage is provided only for scheduled autos and drivers," Compl. ¶ 16;

and it appearing that the Complaint alleges that Mr. G&G failed to list Aguilera and Rivadeneira as scheduled drivers on the Policy, see id. ¶¶ 17-19;

---

[4] While a plaintiff seeking default judgment must prove its damages, Chanel, Inc., 558 F. Supp. 2d at 538, the Complaint here seeks only non-monetary relief, along with attorney's fees and costs of suit. The Court therefore need only determine whether such relief is proper as a matter of law.

and it appearing that Plaintiff is therefore entitled to declaratory relief stating that it is not obligated to defend or indemnify Mr. G&G with respect to the Underlying Lawsuit;

and it appearing that as to Plaintiff's right to reimbursement, the Policy provides that "[t]he insured agrees to reimburse [Plaintiff] for any payment made by [Plaintiff] on account of any accident, claim or suit involving a breach of the terms of the policy," id. ¶ 26 & Ex. A;

and it appearing that Plaintiff argues it is entitled to reimbursement of costs because Mr. G&G, Rivadeneira and Aguilera failed to cooperate in the investigation, settlement, and defense of the Underlying Lawsuit, as required by the Policy, Compl. ¶¶ 34-36,

and it appearing that while Plaintiff alleges that Defendants did not cooperate in the investigation, it provides no factual support for these allegations;

and it appearing "the proponent of default judgment must offer facts to support the plausibility of [such] conclusory allegations," J&J Sports Prods. v. Giraldo, No. 15-3101, 2015 WL 7014649, at *3 (E.D. Pa. Nov. 12, 2015); see also Joe Hand Promotions, Inc. v. Michelina Enters., No. 16-1880, 2017 WL 3581674, at *5 (M.D. Pa. Aug. 18, 2017) (denying default judgment where a plaintiff "produced nothing more than conclusory allegations");

and it appearing that while Plaintiff requests reimbursement of $170,000 for the cost of settling the Underlying Lawsuit as a result of this alleged breach of the Policy, Plaintiff also does not provide any information in the Complaint or additional documentation to demonstrate to the Court that it actually spent that amount, cf. Branch Banking & Trust Co. v. Paul's Gasoline Servs., No. 19-17406, 2021 WL 689105 (D.N.J. Feb. 19, 2021) (awarding costs on a motion for default judgment where Plaintiff "provided support for these costs and expenses by attaching the loan documents and notes, and the calculation of the total expenses and fees owed is adequately supported by [a] [c]ertification");

and it appearing that the Court therefore cannot find that Plaintiff is entitled to declaratory relief stating that it is entitled to reimbursement of costs on this record;

and it appearing that before entering a default judgment, the Court must also consider: (1) whether the defendant appears to have a meritorious defense; (2) the prejudice suffered by the plaintiff if default is denied; and (3) the culpability of the defendant, see Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008);

and it appearing that Defendants do not have a meritorious defense because they "ha[ve] not responded and the record does not support any defenses," J & J Sports Prods., Inc. v. Tibiri-Tabara, LLC, No. 18-8819, 2019 WL 3402494, at *4 (D.N.J. July 26, 2019);

and it appearing that Plaintiff will suffer prejudice if default judgment is denied because it "could be subjected to claims that its policy covers the relevant injuries in the underlying [lawsuit]," Certain Underwriters at Lloyds, 2018 WL 27838 at *4;

and it appearing that Defendants' failure to respond to the Complaint without any explanation "permits the Court to draw an inference of culpability on their part," Joe Hand Promotions, Inc. v. Waldron, No. 11-849, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013);

and it appearing that entry of a default judgment against Defendants is therefore proper as to its indemnification obligations;

**IT IS** on this 29th day of July, 2022;

**ORDERED** that Plaintiff's Motion for the Entry of Default Judgment, ECF No. 35, is hereby **GRANTED IN PART** and **DENIED IN PART**, and it is further

**ORDERED** that Plaintiff has no obligation to defend or indemnify Defendants in connection with the Underlying Lawsuit filed in the United States District Court for the Western District of Wisconsin bearing Case No. 19-CV-791; and it is further

6

**ORDERED** that to the extent Plaintiff can remedy the deficiencies identified in this Order, it may file an amended pleading and a renewed motion within thirty (30) days.

*/s Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**
